Gino Fiermonte v. Vashti Diyanarine. And Mr. Isaac. Good morning, Your Honors. Brian Isaac. As you know, I represent the plaintiff appellant in this matter. The issue in the case really involves derivative jurisdiction under the Removal Statutes and the Westfall Act. With your permission, I'd like to approach the issues in this way. I want to deal with the General Removal Statute first, 1441A of the Federal Rules of Civil Procedure, move into the Westfall Act itself, and then talk about the exhaustion remedies under 2401B. That's the way the briefs were done, and I think it would be easier for argument. My argument with respect to the General Removal Statute is simple. Subdivision F abolished derivative liability with a General Removal Statute. As I understand the government's position, it's that because they also moved under three different provisions of the Removal Acts dealing with the Retirement Act, dealing with the employer exemption, and dealing with the FPCA, because there is no specific prohibition in those statutes, therefore, it has to be inferred that they retain the right to have a derivative jurisdiction defense. Our position is that that's not logical, and the reason is simple. It's a temporal argument. You have one case. You have one trial. Either the exemption applies or it doesn't apply. So to me, once there's a prohibition on derivative liability in one of the statutes, it has to apply unless this is our position. In that statute itself, there's a clause that says that it only applies to this and doesn't provide. But what are we to make of the fact that the references, the removal clearly here does seem to be under or the attempt of removal does seem to be under just the FPCA section. And so the fact that there's a passing reference to other statutes, that's enough to make it so that they all apply? So I knew that that was going to be one of the questions that you asked, because that's actually what the district court said in the cross-claim opinion. Let me give you two answers. One is just purely practical, and the other is legal. Practically, the answer is yes. If the government asserts that as a removal basis, then it is triggered. Statutory protections apply or don't apply. And the government has the right to either remove under that section or any other section. The other argument is a little more technical, and that argument would be this. If, in fact, there is a removal right under the general removal statute, which there is, then Congress's adoption of subdivision F indicates that Congress did not want that, did not want derivative jurisdiction to be a complete bar in cases that were mistakenly brought in State court when they should have been brought in Federal court. And that ought to be the governing factor with respect to how the statutes are viewed together, right? Again, the problem here is just like race judicata. You can have 15 causes of action. If you litigate two, you waive 13. There's no way temporally that the exemption can apply or not apply at the same time. So our position is it should be read that way, and that Congress's intent under subdivision F to prevent that from being a complete bar is outcome determinative. Let me move on to the Westfall Act itself. Very, very unusual act, and it's very, very interesting with respect to this case. I don't believe this Court has ruled where the derivative jurisdiction applies in the Westfall Act case. Other courts have. They've come to different conclusions. We've cited to a whole bunch of district court cases that say that it doesn't apply. Adversary has cited the cases that say they were. Certainly, they're not binding on this Court. This Court's the Second Circuit. It's going to do what it wants. But there are persuasive reasons as to why I think the plaintiff's position is particularly meritorious, and let me give them to you here. The Westfall Act, as I read it, and based upon this United States Supreme Court case in Osborne, which is a focus of our brief, is completely attorney general oriented. The attorney general is the one who makes the determination as to when there's a course of employment and when there's not a course of employment. And until you have certification, there is no application of the Westfall Act. Is that right? Yes. In other words. In other words, the removal here was premature, right? Yes. The removal here was done before there was a course of employment certification. Right. And our position. You can't have removal until, I mean, you know, for Federal Tort Claims Act purposes until there's a certification. Correct. But that's what happened here. That's clearly what happened. So our position is that in that situation, the State court was not divested of jurisdiction until the time that there was a certification. And I wanted to read something to you because it struck me. My adversary wrote a great brief, very, very smart, obviously. But what they say is they say, well, wait a second. This really isn't fair. But I want to talk to you about what the Osborne Court said about this as to who you should look at with respect to how to apply this. And this is what the Osborne Court said, and I'm quoting. It's not Brian Isaac. This is the Supreme Court. We see no reason to conclude that the Attorney General's ability to remove a suit to Federal court under 2679d1 should be controlled by plaintiff's allegations. I take that to mean that my allegations aren't determinative. The Attorney General's allegations are determinative. And if you look at the statute and look at our quotations from it under the Osborne decision, you'll see that, at least according to my reading, the United States Supreme Court said that when the Attorney General makes the certification, that's the time when the jurisdiction determination comes in. So just on a temporal argument, we don't believe that the dismissal of this case was appropriate. And if I can – Can I just ask you about dismissal on 12b6 grounds? Given the fact of – or the idea that there was notice that this needed to be filed in Federal court, and there's an argument – it should have been known that this needed to be filed somewhere else first. Is there a basis for a 12 – putting aside – assuming there is jurisdiction putting that aside, is there a basis – why isn't there a basis, I guess, for a 12b6 dismissal here? Well, our position on that, Your Honor – I'm going to go over my time. Is that okay? Okay. I always ask permission. I'm sorry. Our argument on that is a little nuanced. I've learned from arguing a number of appeals that if you tell an appellate court that 2 and 2 is anything other than 4, no one's going to listen to you. Did the court tell us that it was going to treat this as a motion 100 percent? Did the court agree to do this on letters 100 percent? The problem is that we still have rules, and this is not an easy issue. So I think if you just look at 12b6 or 12b1, this isn't the kind of case that ought to be decided on letters. Now, I understand that the government says, well, wait a second, we have cases all the time where we dismiss cases based on jurisdiction, statute of limitations and things of that nature. But the decision in Moore that you decided says this is an affirmative defense. We believe clearly that the United States Supreme Court's case – and I just want to say it the right way – in United States against Kwai Fun Wong, it's 575 U.S. 402, makes clear that the exhaustion – failure to follow the exhaustion remedies of is certainly not jurisdictional. It dealt with 2401B. And so we don't believe that this was a case where 12b1 or 12b6 was applicable. Now, that means – But even if it's not – I'm giving you the assumption that it's not a jurisdictional bar, and so let's say there's not going to be a 12b1 dismissal. Why isn't the failure to state a claim – why isn't that potentially a problem for you? Well, I think we did state a claim. I think that the amended lawsuit, albeit brought in the wrong court, certainly stated a claim. The issue in the case – Right, but the district court said that was untimely. Yes, and our position on that is under the Wong case, that's just not right. But untimely doesn't mean – and I understand that that doesn't bar jurisdiction, but that is still a basis for ruling on her dismissing a case.  Even if it's, yes, not jurisdictional. So let me just give you the timeline on that, if I can. So the original – the original complaint was brought in Federal court – sorry, in the State court November 10, 2022. Plaintiff filed the administrative claim, right, on April 3, 2023. There's some dispute about when that is, but that's about when it is. The denial of the claim from the government came on September 28, 2023, and the amended complaint was served on February 12 – was filed on February 12, 2024. So we made the administrative claim within two years. The Federal – the State court claim – not Federal, it should have been done Federally, but the State court claim was done within six months. So I don't see a bar to that that's on the face of the pleading, and that's what I think the Moore case says. If there's something on the face of the pleading, then that's something that can be considered. But I think we followed the statute. We followed the statute. We just did it in the wrong venue. And we say that under the United States Supreme Court case in Wong, that's not outcome determinative. I see my time is up. I have three minutes to go. I'm happy to sit down and answer more questions. Let my adversary talk. Thank you for listening to me. Thank you. May it please the Court. My name is Diane Leonardo. I'm an assistant United States attorney for the Eastern District of New York. I think as the Court understands, the Federal Tort Claims Act has two requirements relevant here. One is that a plaintiff files an administrative claim within two years of the alleged negligent act. That happened here. Plaintiff did that. Plaintiff properly filed as against the government in alleging negligence against an FAA employee. The second part that a plaintiff was required to do was to file against the United States in district court. Under 28 U.S.C. 1346B specifically requires that the district courts have exclusive jurisdiction of civil actions on claims against the United States caused by the negligent or wrongful act or admission of any government employee. And that's what happened here. Plaintiff continually argues that filing in the state court was proper as against the federal employee. However, the complaint in the state court was filed against a federal employee while acting within the scope of her duties and alleged that on the date of the incident, she was acting within the scope of her duties. The plaintiff cannot bypass the FTCA by claiming they timely filed in the state court when the state court will never have jurisdiction over a federal employee acting within the scope of their duties. In reality, it's an action against the United States and federal courts have exclusive. Why is that true if the attorney general doesn't certify? What if the attorney general doesn't certify? Can there be a claim against the individual in state court? Your Honor, I think if I could just touch on Osborne a little bit. So I think Osborne doesn't really apply here. The Supreme Court decision in Osborne involved an employee that was sued in their individual capacity in state court, and the question was whether or not the attorney general could remove that action. And the plaintiff opposed that action by alleging that the employee was not acting within the scope of their employment. So the quote that counsel indicated where it said that the attorney general's certification is not dependent on the plaintiff's allegations, I believe what that meant was that it wasn't up to the plaintiff to say who's acting in the scope and who isn't. It's up to the attorney general. It is up to the attorney general. However, Your Honor, I think we had cited in our brief there was a – But we didn't have – at the time of the removal here, we didn't have certification. We did not, Your Honor, but there's nothing in 1346B that would vest jurisdiction in the state court. So certification, my understanding is it really is to certify that the employee was acting in the scope of their employment for the purposes of removal. Right. I think Judge – actually, Chief Judge Brody had a great decision recited in our brief. So did we have removal no pro tonque? I mean, you know, or – you know, it was a mistake to file – to seek removal or to remove the case without a certification. You didn't have a Westfall issue. Well, Your Honor, we also removed – There was nothing under Westfall that permitted anything of that sort. Right, and removal was also done under 1442. 1442, which is also the federal removal statute. And what was the federal aspect of that, just because – That it's a federal employee acting in the scope of their employment. Independently of any Westfall – independent of any Westfall – Right. And my understanding of what the certification would do, it would make that removal conclusive for purposes of removal, unless and until a district court decides that removal was improper or the employee was acting without the scope of their employment. I think just what's important is that the plaintiff knew what to do. They knew to file in federal court. There was – and plaintiff refers to this also – there was a denial letter issued by the FAA where the FAA said, you know, we're denying your claim. If you wish to pursue it further, you need to file in federal district court, as against the United States, under the Federal Tort Claims Act and cited the sections. When our office was notified of the complaint filed against the employee, and again, she was served – the complaint alleged she was acting within the scope of her employment. So when we got – our office got the amended complaint, the state court amended complaint in March of 2024, our office advised plaintiff, you can't sue us in federal court. Would you remove it? Would you dismiss us against the federal defendant? And they refused to do that. So where they're making allegations that it's timely filed and taking their chances on what a court would decide if a state court action is timely filed, they had plenty of time to still file their federal court action, and they chose not to do so. I believe the district court got it right in citing this court's decision in P.T. United can, where it said, when a state court lacks jurisdiction of the subject matter or of the parties, the federal district court acquires none on removal of the case. And I submit clearly here, the state court had no jurisdiction over the subject matter or the parties. When did they lose jurisdiction? Or did they ever have jurisdiction? I don't believe the state court would ever have jurisdiction. Under 1346B, it rests solely in the discretion of the district court. So if the AG had never certified and the claims were – I know your position is they're alleging that it's in the scope of the employment, but if it were not so explicit, then the federal employee could in fact – or maybe that's not your position. What would be your position if there were no certification? Well, Your Honor, I think in a lot of the cases cited by plaintiffs, I think a lot of those cases deal with circumstances where it's unclear if there's a federal employee that's involved. So it arises in the federally funded clinic cases, where there is a doctor who may be deemed a federal employee, but nobody knows it at that time. Or if, for example, there's an undercover officer who's in a car accident, the plaintiff may not know that. But that's not the case here. They knew it was a federal employee. They knew she was acting within the scope of her employment. The SF-95 alleges that they violated certain FAA regulations and that they were acting within the scope of their employment when this incident occurred. So I don't believe the State court would ever have jurisdiction in these circumstances. Thank you. Thank you. Your Honors, if I may, relative to that, again, I want to cite to Osborne, because, again, I'm not saying that we did it perfectly. That would be a stupid thing to say. I'm not. But the Osborne court did talk about this. And this is what the Osborne court said. It's not Brian Isaac. It's not an interpretive. This is word for word. Quote, if the complaint was filed in a State court, the Attorney General may remove the case to the appropriate federal court. Here's the part I want you to focus on, especially before you decide the case. But the Attorney General is not obliged to do so. So the notion that this is just some type of vain act is just not supported by the text of the statute. It's not supported by Osborne. But isn't there, I mean, the idea, though, that there was not knowledge that this should be in federal court or an allegation that she was working in the scope of employment, that just seems like a hard argument to make. Because it's not simply a matter of, as your adversary pointed out, this isn't a situation where someone is alleged to have committed some act, and it's not clear whether or not they're a federal employee. There was nothing about these circumstances. Clearly, it was alleged in the complaint, they have an employee, they're doing this. It just, this doesn't seem like a case where there was any doubt that that was an element here. Your Honor, I'm certainly not going to say that there wasn't an allegation in the complaint. It's on paragraph 28 and 29 that she was working for the FAA, that she was acting within the scope of her employment. It was there. But the question is, how does that impact on the statute? And we're talking about dismissing a plaintiff's case where, and even assuming there was a mistake, this wasn't a case where someone just went off half-cocked and didn't know what they were doing. They had an extant case. And no lawyer wants to try two same cases in the same, in two different venues. But when that lawyer is getting notified by the other side that, hey, you're not filing this properly because this is a federal employee that should be exclusively in the district court, and that's disregarded, it's not something where someone makes a mistake and there's not time to fix it. If someone's made a mistake, they're told, hey, you're making a mistake, and it's disregarded. Right. But there are all kinds of mistakes, as you know, right? There are mistakes that are outcome determinative and mistakes that are not outcome determinative. I mean, how many appeals, I've done thousands of appeals, and many of them I have great arguments that aren't preserved or someone didn't make an argument. So the issue isn't whether it was a mistake. I'm conceding that there was a mistake. My argument to you is that that mistake under the Westfall Act is not outcome determinative because as the statute is written and as the Supreme Court has interpreted, there is jurisdiction in the state court until the certification is made, and here the certification was not made until after the removal was done. And that should not result in a dismissal to the plaintiff. That's our position. Thanks for listening to me. All right. Thank you very much. Thank you both. We will take the case under advisement.